UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lucia Covarrubias, an individual; Maria De Jesus Rodriguez, an individual; Estate of Oscar Ayala, individually and as assignees of Pablo C. Torres-Esparza,<br><br>Plaintiffs,<br><br>v.<br><br>Key Insurance Company, et al.,<br><br>Defendants. | Case No. 2:23-cv-00291-APG-DJA<br><br>**Order** |

This is an insurance bad faith action arising out of a vehicle crash in which Pablo C. Torres-Esparza crashed into Plaintiffs Lucia Covarrubias, Maria De Jesus Rodriguez, and Oscar Ayala, killing Ayala and injuring Covarrubias and De Jesus Rodriguez. Defendant Key Insurance Company insured Torres-Esparza, but allegedly refused Plaintiffs' settlement offer without informing Torres-Esparaza. As a result, Plaintiffs obtained an arbitration award against Torres-Esparza totaling $1,700,000. Plaintiffs then obtained a judicial assignment of Torres-Esparza's claims against Defendant. Plaintiffs now sue Defendant for damages and declaratory and equitable relief.

Defendant moves for a protective order, arguing that Plaintiffs served discovery requests to which it intends to respond, but only after the parties have entered into a stipulated protective order under the terms of which Defendant can mark its responsive documents confidential. (ECF No. 16). Defendant asserts that Plaintiffs have refused to agree to a blanket protective order governing this exchange of information. Because the Court finds that a protective order is warranted in this case to govern discovery exchanges, but that Defendant's proposed protective order does not address both parties' exchanges, it grants the motion in part and denies it in part.

The Court will require the parties to meet and confer and stipulate to a protective order governing both parties' exchange of confidential information.

**I.  Discussion.**

Federal Rule of Civil Procedure 26(c) governs protective orders.  Fed. R. Civ. P. 26(c).  It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1). There are three types of protective orders in federal practice.  *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015).  The first—protective orders—protect a person from producing information in response to a discovery request.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E).  The second—sealing orders—protect a person's privacy interests by preventing the public from accessing court records.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H).  The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

Rule 26(c) requires the moving party to make a "particularized showing" of Rule 26(c)(1)'s enumerated harms.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(c).  However, because protective orders, sealing orders, and blanket protective orders serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs.  *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  A party cannot successfully oppose the entry of a blanket protective order by raising concerns about the public's right of access to judicial records or unsubstantiated fears that the party seeking the protective order is trying to avoid discovery.

Concerns about the public's right of access to judicial records are unsuccessful to oppose a blanket protective order because reliance on a blanket protective order does not justify the sealing of a court document.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).  A blanket protective order governs discovery, which occurs out of court. *Federal Deposit Insurance Corporation*, 2015 WL 13667215, at *1.  The public has no right to demand access to discovery materials that are solely in the hands of private party litigants.  *Id.*

Unsubstantiated concerns that the party seeking the protective order is trying to avoid discovery are also unsuccessful to oppose a blanket protective order.  Blanket protective orders are designed to expedite the discovery process by permitting litigants to freely exchange sensitive information without the risk of disclosure.  *See id.*  These orders are intended to facilitate the exchange of discovery documents, not prevent it, and typically make no findings that a particular document is confidential or that a document's disclosure would cause harm.  *See Small v. University Medical Center of Southern Nevada*, No. 2:13-cv-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. March 20, 2015).

The Court grants Defendant's motion for a protective order because it seeks a blanket protective order intended to govern discovery.  While Plaintiffs argue that Defendant has not "established a need for a protective order or for confidentiality," their argument is based only on their conclusory assertion that "[i]t is no secret that insurance companies routinely share information with one another to better permit insurance [c]ompanies to maximize profits by minimizing payments made under claims."  (ECF No. 20 at 2) (cleaned up).  In any event, a blanket protective order does not require the same type of particularized showing as a typical protective order or sealing motion.  The Court finds Plaintiffs' arguments against the blanket protective order unpersuasive.  The Court thus grants Defendant's motion for a protective order.  Having reviewed Defendant's proposed protective order, the Court finds that it is worded to address only documents or information produced by Defendant.  Because blanket protective orders are intended to govern the exchange of confidential information, the parties shall meet and confer and attempt to stipulate to a protective order addressing both parties' disclosures.

///

///

///

**IT IS THEREFORE ORDERED** that Defendant's motion for a protective order (ECF No. 16) is **granted in part and denied in part.** The Court grants Defendant's request that the Court find a protective order appropriate. The Court denies Defendant's request that it enter Defendant's proposed protective order.

**IT IS FURTHER ORDERED** that the parties must meet and confer and stipulate to a protective order governing the exchange of discovery. The parties must file their stipulated protective order on or before **September 27, 2023.**

DATED: September 6, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE