**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCIA COVARRUBIAS, MARIA DE JESUS RODRIGUEZ, and ESTATE OF OSCAR ALFREDO AYALA, individually and as assignees of PABLO C. TORRES-ESPARZA,<br><br>    Plaintiffs,<br><br>v.<br><br>KEY INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:23-cv-00291-APG-DJA<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 39] |

The parties' proposed Joint Pretrial Order (ECF No. 39) does not comply with Local Rules 16-3 and 16-4. The parties stipulate into evidence 154 of the plaintiffs' exhibits and 41 of Key Insurance Company's exhibits. ECF No. 39 at 18-31. I applaud the parties for working together on that. However, the parties' stipulation of admitted exhibits also includes the following categories:

    All exhibits listed by any other party to this litigation.

    All documents identified during discovery in this litigation.

    All pleadings filed in the case.

    All responses to any Interrogatories and/or Request for Admissions by any Defendant in this litigation.

    All depositions including exhibits.

    Rebuttal and/or impeachment documents.

*Id*. at 28. These proposed exhibits are not sufficiently identified. Local Rule 16-3(b)(8) requires parties' trial exhibit lists to "describe the exhibits sufficiently for ready identification . . . ."

Moreover, the stipulation to admit "[a]ll depositions" conflicts with the parties' designation of far fewer deposition transcripts later in their proposed order. *See id*. at 41-52.

Key Insurance objects to scores of the plaintiffs' proposed exhibits, but does not designate which objection applies to which proposed exhibit. *Id*. at 32-41. Each objection must be tied to each exhibit so I know how to rule on them. LR 16-3(b)(8)(B).

The plaintiffs' witness list includes "[a]ll witnesses identified during discovery and or deposed during discovery of this litigation." ECF No. 39 at 54. This attempt to reserve the right to call almost anyone at trial violates Local Rule 16-3(b)(12) and makes it impossible for Key Insurance's counsel to fully prepare for cross-examination at trial.

Key Insurance does not list any trial witnesses. *Id*. at 54. If that is intentional, Key Insurance will not be allowed to call any witnesses at trial.

The parties' objections to deposition transcripts fail to identify the pages and lines to which each objection applies. *Id*. at 51-52. This makes it difficult, if not impossible, to rule on this objections. I also remind the parties that objections to the form of deposition questions are generally waived if not timely made during the deposition. Fed. R. Civ. P. 32(d)(3).

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 39) is REJECTED.** The parties will confer as required in Local Rule 16-3 to resolve the defects pointed out above and submit a new proposed Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by February 28, 2025.

DATED this 14th day of February, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE