UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lucia Covarrubias, an individual; Maria De Jesus Rodriguez, an individual; Estate of Oscar Alfredo Ayala, individually and as assignees of Pablo C. Torres-Esparza,<br><br>Plaintiffs,<br><br>v.<br><br>Key Insurance Company; et al.,<br><br>Defendants. | Case No. 2:23-cv-00291-APG-DJA<br><br>**Order** |

Attorneys Ali R. Iqbal, Esq. and James P.C. Silvestri, Esq. ("Counsel") move to withdraw as counsel of record for Defendant Key Insurance Company, explaining that the District Court of Shawnee County, Kansas has entered a Final Order and Judgment of Liquidation and Finding of Insolvency, and has appointed a Special Deputy Receiver for Key. (ECF No. 50). Given that order, Counsel explains that the receiver has directed Counsel to withdraw, there is no longer any client to defend, and they are no longer authorized to act on Key's behalf. Plaintiffs oppose, arguing that corporations are only permitted to appear in court through counsel. (ECF No. 51).

The Court cannot force Counsel to represent Key, particularly if that representation is without compensation. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 308 (1989) (finding that the *in forma pauperis* statute 28 U.S.C. § 1915, does not authorize compulsory appointment of counsel). And Counsel has otherwise complied with Local Rule IA 11-6(b).[1] Moreover, the case is currently stayed and trial has been continued, so allowing counsel to withdraw and requiring Key to retain new counsel in this action will move the case forward.

---

[1] Although Counsel did not include a certificate of service of the motion on their affected client, Iqbal signed a declaration that the receiver for Key instructed them to withdraw and so has knowledge of the withdrawal.

The Court therefore grants Counsel's motion to withdraw. Key must retain counsel to proceed in this action. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).

**IT IS THEREFORE ORDERED** that Ali R. Iqbal, Esq. and James P.C. Silvestri, Esq.'s motion to withdraw (ECF No. 50) is **granted.**

**IT IS FURTHER ORDERED** that Key must retain counsel to proceed in this action. Key must appear through counsel or file a status report regarding its retention of counsel on or before **November 21, 2025.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to place Key's last known addresses on the docket:

**Key Insurance Company**
Attn: Bruce E. Baty, Esq.
Norton Rose Fulbright US LLP
7676 Forsyth Blvd., Suite 2230
St. Louis, MO 63105

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send this order to Key at the address above.

DATED: October 22, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE